DUGGAN, commissioner, *v.* LAMAR, administrator, *et al.*

In a proceeding by an administrator of an intestate's estate for inter-
    pleader against several defendants claiming to be heirs of the de-
    ceased, and in this respect contesting with each other, the superior
    court has no jurisdiction to determine whether the estate has es-
    cheated. No one, therefore, who claims an interest in the estate in
    the event only that there are no heirs, has a right by intervention to
    be made a party defendant to the action for the purpose of showing
    that none of the defendants are heirs, and that the estate has es-
    cheated.

Submitted March 18, — Decided April 7, 1900.

Equitable petition. Before Judge Reese. Hancock supe-
rior court. August term, 1899.

*James A. Harley,* for plaintiff in error.
*Roberts & Pottle, Priest & Pollard, P. B. Johnson, F. L.
Little, R. H. Lewis,* and *Dessau, Harris & Birch,* contra.

LEWIS, J. Thomas R. Lamar, as administrator of the estate
of Joseph Babcock, filed his petition in Hancock superior court,
in which he alleged that the debts of the estate had been paid,
and that the estate consisted of personal property to the amount
of about twelve thousand dollars. The petition sets forth a
number of persons who had notified petitioner that they were
next of kin of the deceased, and as such were the heirs at law of
Babcock, and were entitled to receive his estate. Owing to the
number of claimants, and the conflicting proofs submitted by
them to sustain their respective claims, petitioner alleged that it
was impossible for him, with safety to himself, to decide who are
the rightful heirs, and as such entitled to receive the estate. He
therefore prayed that all the claimants named, as well as any
other person who may claim to be interested in the estate, should
be made parties to his equitable petition, and required to inter-
plead. M. L. Duggan, as county school commissioner of Han-
cock county, filed a motion before the court to be made a party
to said petition, and to answer and plead to the same. The
ground of his motion was, that as county school commissioner he
was treasurer of the school fund of said county; that the de-
ceased died without heirs; that there were no distributees of
said estate except movant, who was entitled to receive it as such

school commissioner. The motion denies that any of the parties defendant named in the petition are heirs at law of Babcock, or are in any way related to him, or interested in the estate. Upon objection by counsel for defendants in the case the motion was overruled, and to this ruling of the court error is assigned in the bill of exceptions.

The evident object of the administrator's petition was to ascertain by an adjudication of the court which ones, if any of the several parties who claimed to be heirs of the deceased, were his rightful heirs, and he therefore asked that they be called upon to interplead and have this issue determined. The interpleader, it seems, was ordered, and answers were filed by the several defendants named in the petition. Plaintiff in error asked to be made a party to this proceeding, alleging that the deceased died without any heirs, and therefore the estate had escheated. He claims the estate under section 3578 of the Civil Code, which declares: "The proceeds of escheated property shall be paid, in each county, to the ordinary, or other treasurer of the educational fund of such county, to become a part of such fund." We do not think this gives him a right to become a party to this proceeding, which was instituted simply to determine the rights of certain parties claiming to be heirs. Even if it should be determined that none of the claimants were heirs, this would not necessarily result in an adjudication that the estate had escheated. Section 3577 of the Civil Code provides: "The escheator, so soon as he shall obtain possession of the estate as administrator, shall make known to the ordinary of the county the fact that the same has apparently escheated to the State; whereupon the said ordinary shall pass an order requiring the said administrator to advertise, by publication in one or more papers in this and other States, according to the circumstances of each case, notifying all persons interested as next of kin of such deceased person, of the facts and date of his death, the amount of the estate, and the pendency of proceedings to escheat the same, which publication shall be continued for six months. If no person shall appear and claim, as heir, within twelve months from the date of the first publication, the ordinary shall pass an order declaring the said property escheated to the

State. If any person claims the property alleged to be escheated, the claim shall be interposed and tried as claims at administrators' sales." Section 3580 provides: " The next of kin, or heir of such deceased person, may, at any time within six years after such order declaring the estate escheated (or, if laboring under any disability, within three years after the removal of the same), bring suit against the treasurer of said educational fund for the principal of the said sum without interest, and, upon proof of his right thereto, may recover the same without costs." Section 3579 declares: " In all trials arising in reference to escheated property the solicitor-general shall be ex-officio counsel for escheator." There is no equitable reason set forth in the motion for interpleader why the movant should be made a party to this case, and the issue it presents as to whether or not the deceased died without any heirs at all can not be adjudicated in the proceeding for interpleader instituted by the administrator in the superior court. The county school commissioner, even if the suit pending in the superior court should result in a finding that none of the claimants were heirs, would of course not be entitled to the assets of the estate; for proceedings would first have to be instituted in accordance with the provisions of the law on the subject of escheats, above mentioned.

*Judgment affirmed. All the Justices concurring, except Cobb, J., who was disqualified.*